JOHN BERANEK, APPELLANT, V. CHARLES BERANEK, APPELLEE.

FILED FEBRUARY 13, 1914. No. 17,558.

1. **Payment.** The defendant unconditionally paid money into the bank, where plaintiff had a deposit and check account, to plaintiff's credit, and caused the plaintiff to be notified that the money was there for him as payment on the plaintiff's claim in this ac-

tion. The plaintiff refused to accept the money, giving as his only reason that the amount was insufficient. *Held*, That the defendant was entitled to a credit of the amount on plaintiff's claim.

2. ———: INSTRUCTIONS. In such case, an instruction in effect that the plaintiff would not be required to receive the money in the absence of an express agreement between the parties that the money might be so paid is not prejudicial to the plaintiff.

3. Trial: INSTRUCTIONS. In an action to recover money, if the defendant alleges and proves a distinct claim in his favor against the plaintiff, and the court instructs the jury that, "unless the jury find from the evidence that the defendant discharged his obligations to the plaintiff for the balance of the payments due under the contract for the year 1910, in some other manner, as claimed by him, then the jury should allow the plaintiff the balance, if any, due," and neither party asks a more definite instruction as to the defendant's claim, such instruction, being in effect to allow defendant's claim as a set-off, will not be held prejudicially erroneous requiring a reversal.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Burr, Greene & Greene, J. H. Barry* and *Frank Dolezal,* for appellant.

*Simpson & Simpson* and *Charles H. Slama, contra.*

SEDGWICK, J.

The plaintiff was the owner of a farm of 220 acres in Saunders county, and deeded it to his son, the defendant, and took a contract from the defendant whereby it was agreed that the defendant should, among other things, pay to the plaintiff $300 annually in two equal semiannual payments. The petition alleged that afterwards a supplementary contract was made whereby the payments were increased to $500 a year, payable as before. The petition also alleged various other causes of action, and asked judgments for $6,535.25, including the $500 annual payments as provided in the contract and amendment thereto. Upon trial in the district court for Saunders county, there was a verdict and judgment for the defendant, and the plaintiff has appealed.

The plaintiff's brief discusses only alleged errors affecting his claim for the $500 annual payments for the year 1910. The defendant paid into the bank at Morse Bluff for the plaintiff upon this claim $300. The plaintiff insists in the brief that he never agreed with the defendant that these payments might be made to the bank instead of being made to him personally, and that therefore the defendant is not entitled to credit therefor. It appears from the evidence that each of these parties had a personal account in that bank, and that when the defendant paid this money into the bank he requested the banker to notify the plaintiff that it had been paid to the plaintiff's account, and that the banker did so notify the plaintiff, and the plaintiff testified: "I told them (the bank and defendant) myself that instead of $500 being deposited that he only deposited $300 and I couldn't therefore take it." Having refused to take the money from the bank for the sole reason that the amount was insufficient, he cannot now be heard to complain that the money was not paid to him personally. Under such circumstances, no agreement between the parties that the money might be paid into the bank was necessary. The error of the court in assuming in his instructions that such agreement was necessary was prejudicial to the defendant, but not to the plaintiff.

The plaintiff insists that the pleadings and evidence will not justify the finding that the remaining $200 was paid by the defendant. The answer alleged that defendant purchased for the plaintiff $200 worth of furniture, and the plaintiff received the same upon a contract between them that the plaintiff should deliver certain personal property of that value to the defendant therefor; that the plaintiff never delivered the property to the defendant, nor any part thereof, and asked that he might have judgment for the same. The court instructed the jury: "Unless the jury find from the evidence that the defendant discharged his obligations to the plaintiff for the balance of the payments due under the contract for the year 1910, in some other manner, as claimed by him, then the jury

should allow the plaintiff the balance, if any, due for said year over and above the payments made to the bank for plaintiff." Neither party asked for a more definite instruction. The plaintiff makes no contention in the brief that the defendant's claim for the money paid for the furniture was unjust, or that the evidence is insufficient to establish it. The court virtually allowed the jury to offset the amount of the defendant's claim against that of the plaintiff, which, under the evidence in this case and the manner of the trial, it was proper for the court to do.

The foregoing matters appear to be the only ones presented by the briefs, and in regard to them we find no errors. The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.